(January 14, 1993)

■ In the Matter of GARY LEWIS et al., Petitioners, v NEW YORK STATE RACING AND WAGERING BOARD, Respondent.— Proceeding pursuant to CPLR article 78, transferred by order, Supreme Court, New York County (Harold Tompkins, J.), entered May 28, 1992, which challenges the sufficiency of evidence supporting the determination of respondent, New York State Racing and Wagering Board ("Board"), is granted, the order and findings of the Board are annulled and the penalties vacated, without costs.

Petitioners, Gary Lewis and Alan August, respectively the trainer and owner of Harness Racing Horse "Sid's Leader", commenced this article 78 proceeding to challenge the ruling of respondent Board, issued April 6, 1992, which disqualified

the horse from the fifth race at Yonkers Raceway on September 15, 1990, redistributed the purse of the race, and suspended petitioner's Lewis' license for 60 days. The principal issue on appeal is whether respondent established a proper chain of custody for the horse's post-race urine sample, which indicated that the drug promazine had been administered to the horse within the period proscribed by the Board's rules. Upon examination of this record, we conclude that the Board's finding of compliance with chain of custody requirements is not supported by evidence.

The undisputed testimony of petitioner Lewis and his second-assistant trainer, Martha Lou Dannevil, which was fully credited by the Hearing Officer, established that the cup of urine taken from the horse by Dannevil and handed to Board inspector Joseph Clarke, was not immediately lidded or sealed by Clarke. The witnesses testified that Clarke took the open cup into the veterinarian's office and emerged within seconds, which would not have accorded him an opportunity to properly lid and seal the cup.

On this critical issue, Clarke, who did not have an independent recollection of what had occurred, could only describe his general practice of lidding and sealing the cup in the presence of the groom or trainer and signing the sample number card, prior to placing the urine sample into the veterinarian's locked refrigerator. Two other race horses, Cocktail Talk and Trump This, were tested by Clarke on September 15. The urine sample for Sid's Leader was tested by laboratory personnel two days later, on September 17, 1990.

In light of this record, we conclude that the finding of an unbroken chain of custody, necessary to ensure the integrity and the identity of the urine sample, was not supported by substantial evidence (see generally, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 179-182). Such proof must demonstrate that the substance to be tested is the identical evidence recovered, and that it has not been tampered with (see, People v Julian, 41 NY2d 340, 342-343). Where, as here, the testimony credited by the Hearing Officer assures no such identity and integrity of the evidence, the broken chain of custody may not be excused (Amaro v City of New York, 40 NY2d 30, 35; see, Matter of Lugo v Gaines, 83 AD2d 542). Concur—Murphy, J. P., Ellerin, Kupferman, Kassal and Rubin, JJ.